IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERROL KEVIN STOUTE        *
    Petitioner,
v.                        *   CIVIL ACTION NO. RDB-11-1220
                                                    (Related to Criminal No. JH-84-0255)

UNITED STATES OF AMERICA  *
    Respondent.
                            ***

## **MEMORANDUM OPINION**

On May 5, 2011, Errol Kevin Stoute ("Stoute") filed a letter with the Court seeking to have his criminal case from 1984 expunged. He offers no reasons for the request. (ECF No. 1). Because of the age of the criminal matter, Stoute's document was treated as a Petition for Expungement and instituted as the instant case. The matter may be determined on the papers before the Court. *See* Local Rule 105.6. (D. Md. 2010).

According to the criminal docket in *United States v. Stoute*, Criminal No. JH-84-0255 (D. Md. 1984), on June 15, 1984, defendant was indicted by a grand jury on counts of conspiracy to distribute cocaine, distribution of cocaine, possession with intent to distribute cocaine, and aiding and abetting, in violation of 21 U.S.C. §§ 846, and 841(a)(1) and 18 U.S.C. § 2. On or about September 11, 1984, a superseding information was entered charging Stoute with one count of possession of cocaine and aiding and abetting, in violation of 21 U.S.C. § 844(a) and 18 U.S.C. § 2. He was re-arraigned and pleaded guilty to the drug count. The imposition of sentence was suspended pending a pre-sentence investigation. On October 29, 1984, an order was entered committing Stoute to the custody of the Attorney General or his authorized representative for imprisonment for a period of 8 months. The execution of the sentence of imprisonment was suspended and Stoute was placed on probation for a period of two years.

No federal statute or regulation generally provides for expungement of a federal offense. The law among the circuits indicates that a federal court has only very limited discretionary power to order the expungement of records in a criminal case and that the authority to do so is a narrow one which is reserved for the unusual or exceptional case. *See United States v. Noonan*, 906 F.2d 952, 956 (3rd Cir. 1990); *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977); *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975); *see also Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 697 (5th Cir.1997); *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) (per curiam); *Geary v. United States*, 901 F.2d 670, 679-80 (8th Cir. 1990). The Fourth Circuit has concurred with this reasoning in recognizing that there may be occasions where it is appropriate for a court to order an expungement because of "extreme or exceptional circumstances." *See, e.g., Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984); *Woodall v. Pettibone*, 465 F.2d 49, 52 (4th Cir. 1972).

The view among the federal courts is that records of valid arrests, indictments, or convictions ordinarily may not be expunged. *See, e.g., United States v. Schnitzer*, 567 F.2d 536, 540 (2d Cir. 1977). If an arrest is made on probable cause or if an indictment is properly obtained, records of these events should not be expunged, even if the charges are later dismissed. *Id.* The rationale for generally refusing to expunge arrest or indictment records is that an arrest or indictment has independent legal significance, insofar as it shows the existence of probable cause to believe that a defendant committed a crime, even when the government ultimately fails to prove guilt. *Id.*; *see also United States v. Dunegan*, 251 F.3d 477, 480 (3rd Cir. 2001) (district court lacks subject matter jurisdiction to expunge a criminal record, even when no conviction resulted, absent an applicable expungement statute or any allegation that the criminal proceedings were invalid or illegal). There may be exceptions to this rule when the government dismisses the indictment and concedes the innocence of the defendant or when the indictment is constitutionally infirm, is based on a statute

2

which is subsequently declared unconstitutional, or is returned for purposes of harassment or intimidation or some other improper reason. *See Sealed Appellant*, 130 F.3d at 697; *Schnitzer*, 567 F.2d at 540; *United States v. Flagg*, 178 F.Supp.2d 903, 905-06 (S. D. Ohio 2001).

Stoute asks the record be expunged. In the 26 years since his arrest and conviction on the drug count, the legitimacy of which has never been called into question, there apparently have been no major adverse consequences for him. In similar circumstances, this Court and other courts have declined to order expungement. *See United States v. Gary*, 206 F.Supp.2d 741, 741-42 (D. Md. 2002); *United States v. Steelwright*, 179 F.Supp.2d 567, 573-574 (D. Md. 2002); *see also United States v. Mitchell*, 683 F. Supp.2d 427, 431-33 (E. D. Va. 2010); *United States v. Janik*, 10 F.3d 470, 472-73 (10th Cir. 1993); *United States v. Howard*, 275 F.Supp.2d 260, 263 (N.D. N.Y. 2003); *United States v. Agile*, 199 F.Supp.2d 5, 7 (E.D. N.Y. 2002).

Stoute has not established equitable grounds to expunge court records regarding his conviction. The Petition for Expungement will be denied.

A separate Order follows.

Date: May 23, 2011

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE